**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| ROY STAPLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO: 1:22-cv-579 |
| ) | |
| TACONIC BIOSCIENCES, INC. ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. Plaintiff, Roy Stapleton ("Stapleton" or "Plaintiff"), by counsel, brings this action against Defendant, Taconic Biosciences, Inc. ("Defendant"), alleging violations of the Americans with Disabilities Act ("ADA"), as amended, 42 U.S.C. §12101 *et. seq.*

**II. PARTIES**

2. Stapleton is a resident of Wayne County in the State of Indiana, who at all times relevant to this litigation resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant is a foreign corporation that maintains offices and conducts business in the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 12111(5)(A).

1

6. At all times relevant to this action, Stapleton was an "employee" as that term is defined by 42 U.S.C. § 12111(4).

7. Stapleton is a "qualified individual with a disability" as defined by the Americans with Disabilities Act, 42 U.S.C. §§12102(2) and 12111(8) and/or Defendant knew of Stapleton's disability and/or regarded Stapleton as being disabled and/or Stapleton had a record of being disabled.

8. Stapleton satisfied his obligation to exhaust his administrative remedies by timely filing a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging disability discrimination and retaliation. Stapleton received the required Notice of Suit Rights and timely files this action.

9. A substantial part of the events, transactions, and occurrences concerning this lawsuit arose in the geographical environs of the Southern District of Indiana; therefore, venue is proper in this Court.

## IV.  FACTUAL ALLEGATIONS

10. Stapleton was hired by Defendant as a maintenance technician on or about August 5, 2005. Most recently, Stapleton was employed as the Associate Manager of Plan Management.

11. Stapleton suffers from a disability as that term is defined by the Americans with Disabilities Act. He has been diagnosed with an anxiety disorder.

12. At all relevant times, Stapleton met or exceeded Defendant's legitimate performance expectations.

13. While employed with Defendant, Stapleton's former boss, Troy Morrison ("Morrison"), was extremely demanding, rude, and critical, which caused Stapleton a lot of stress. The stress exacerbated his symptoms of anxiety.

14. Stapleton informed Morrison and Kathleen Proper, a Human Resources associate, that he was undergoing treatment for anxiety. No accommodations were discussed, much less were any made.

15. After Morrison was fired from his job in July of 2021, Steve Bathrick ("Bathrick") became Stapleton's new boss. Thereafter, Bathrick became unnecessarily overly critical of Stapleton's work.

16. In August 2021, Tina Williams, Defendant's Human Resources representative, called Stapleton into several meetings regarding a report made by one of his subordinates against Codey Watts, who was one of Stapleton's direct reports. During these meetings, Williams pressured Stapleton to try to get him to admit personal wrongdoing, although he was not even remotely involved.

17. Stapleton informed Bathrick on multiple occasions that his anxiety was through the roof, he was completely overwhelmed, and stressed out. On or about August 11, 2021, Stapleton informed Bathrick that he would need to go back to the doctor to receive more medications for his anxiety. Stapleton stated that his stress was due in part to Tina Williams, in Human Resources, who was very accusatory and hostile toward Stapleton.

18. On August 11, 2021, following his conversation with Stapleton, Bathrick called his boss, Bonnie Galespie, letting her know about Stapleton's anxiety and stress levels. Over the phone, Galespie responded, "what, are they [Human Resources] trying to kill this fucking guy,"

implying that the treatment Stapleton was enduring was pervasive and severe. Bathrick called Stapleton and relayed this as soon as he got off the phone with Galespie.

18. Nevertheless, no one with Defendant offered any solution for Stapleton, nor did they engage in the interactive process to find an appropriate accommodation for his disability.

19. On August 13, 2021, after Defendant had proven itself to be unwilling to accommodate Stapleton, he informed Human Resources of his intent to resign in four weeks. Ann-Marie O'Hanlon, Defendant's Manager, informed him that he was terminated as of August 13, 2021. Defendant would not give Stapleton a reason for his termination.

20. Similarly situated employees without disabilities have been treated more favorably than Stapleton.

## V. CAUSES OF ACTION

### COUNT I: DISABILITY DISCRIMINATION

21. Stapleton hereby incorporates by reference paragraphs one (1) through twenty (20) as if the same were set forth at length herein.

22. Defendant violated Stapleton's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.* by failing to engage in the interactive process with Stapleton and failing to provide him with a reasonable accommodation for his disability.

23. Defendant subjected Stapleton to disparate treatment based on his disability.

24. Defendant's actions were intentional, willful and in reckless disregard of Stapleton's rights as protected by the ADA.

25. Stapleton has suffered damages as a result of Defendant's actions.

## COUNT II: RETALIATION

26. Stapleton hereby incorporates by reference paragraphs one (1) through twenty-five (25) as if the same were set forth at length herein.

27. Defendant retaliated against Stapleton for having previously engaged in protected activity.

28. Defendant violated Stapleton's rights as protected by the Americans with Disabilities Act, 42 U.S.C. 12101, *et. seq.*

29. Defendant's actions were intentional, willful and in reckless disregard of Stapleton's rights as protected by the ADA.

30. Stapleton has suffered damages as a result of Defendant's actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Roy Stapleton, by counsel, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Reinstate Plaintiff to the position, salary, and seniority level he would have enjoyed but-for Defendant's unlawful actions; and/or award him front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages for Defendant's violations of the ADA;

5. Punitive damages for Defendant's violation of the ADA;

6. Costs and attorney's fees incurred as a result of bringing this action;

7. Pre- and post-judgement interest on all sums recoverable; and

8. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/ Ryan Sullivan
Ryan Sullivan
BIESECKER DUTKANYCH & MACER, LLC
144 North Delaware Street
Indianapolis, Indiana 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email:       rsullivan@bdlegal.com

*Attorney for Plaintiff, Roy Stapleton*

## **DEMAND FOR JURY TRIAL**

The Plaintiff, Roy Stapleton, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

        Respectfully submitted,

        /s/ Ryan Sullivan
        Ryan Sullivan
        BIESECKER DUTKANYCH & MACER, LLC
        144 North Delaware Street
        Indianapolis, Indiana 46204
        Telephone:   (317) 991-4765
        Facsimile:    (812) 424-1005
        Email:        rsullivan@bdlegal.com

        *Attorney for Plaintiff, Roy Stapleton*